UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

BRANDON PHILLIP,

                                                Plaintiff,

            -against-

THE CITY OF NEW YORK, POLICE OFFICER ADAM
CONLIN, POLICE OFFICER PIERO LASAPONARA,
shield # 7631,

                                                Defendants.

**FIRST AMENDED COMPLAINT**

13 CV 2750 (JG) (VVP)

Jury Trial Demanded

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

      1.      Plaintiff, an employee of Greyhound Bus Lines who does not have an arrest history or criminal record, brings this civil rights action against the City of New York and New York City Police Officers alleging that, on February 2, 2013, defendants violated his rights under 42 U.S.C. § 1983, the Fourth Amendment to the United States Constitution and New York state law by seizing and searching him without legal justification and, after arresting him, using unreasonable force on him by yanking him out of his car, slamming him against the car, and handcuffing him excessively tight causing nerve damage to his right wrist.  Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

      2.      This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York state law claims of assault, battery and vicarious liability which form part of the same case and controversy as his federal claims under Article III of the United States Constitution.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York resides in and is subject to personal jurisdiction in this District and because the incident in question occurred in this District.

## JURY TRIAL

5. Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## NOTICE OF CLAIM

6. With respect to plaintiff's state law claims, a notice of claim was duly filed with the City within 90 days of the arrest of plaintiff, more than 30 days have elapsed since such filing and the City has not offered to settle plaintiff's state law claims.

## PARTIES

7. Plaintiff is a United States citizen.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. The individual defendants are members of the New York City Police Department ("NYPD"). The individual defendants were acting under color of state law and in their capacities as members of the NYPD at all relevant times. The individual defendants are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The individual defendants are sued in their individual capacities.

## STATEMENT OF FACTS

10. During the evening of February 2, 2013, plaintiff and his friend Malik Windsor were driving plaintiff's cousin's car in Brooklyn.

11. At all relevant times, plaintiff was obeying the law and not acting in a suspicious manner.

12. At approximately 9:15 p.m., defendants approached plaintiff's parked car solely on the basis of plaintiff's race, which is black.

13. Upon approaching plaintiff's car, defendants, acting in concert, yanked plaintiff out of his car, slammed him against the car, and handcuffed him excessively tight, causing his right wrist to bleed.

14. Plaintiff asked the defendants to loosen the cuffs but they refused.

15. Defendants searched plaintiff and the automobile without legal justification and recovered from the car a small amount of marijuana, a lighter that looked like a firearm and a wallet that belonged to another individual.

16. These items were not found on plaintiff's person.

17. Defendants arrested plaintiff and brought him to the 67th Precinct where he remained tightly handcuffed for approximately one hour.

18. Defendants and prosecutors charged plaintiff with possession of stolen property, resisting arrest, possession of an imitation forearm, possession of marijuana and disorderly conduct.

19. The District Attorney's Office declined to prosecute Malik Windsor because he was not the driver of the car.

20. On March 14, 2013, the charges filed against plaintiff were adjourned in contemplation of dismissal pursuant to N.Y.C.P. L. ҿ 170.55.

21. When plaintiff was released from custody, he obtained medical treatment from his primary care doctor and from Maimonides Hospital's Neurology Division which conducted an EMG and Nerve Conduction Study.

22. The EMG and Nerve Conduction Study revealed that plaintiff was suffering from nerve damage to his right wrist.

23. Plaintiff is presently receiving physical therapy to his right wrist.

24. Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered emotional distress, fear, anxiety, pain and physical injuries including nerve damage and contusions, and medical expenses.

## FIRST CLAIM
### (UNREASONABLE FORCE)

25. Plaintiff repeats the foregoing allegations.

26. Defendants' use of force upon plaintiff was objectively unreasonable and caused plaintiff pain and injuries.

27. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force.

## SECOND CLAIM
### (UNLAWFUL SEARCH AND SEIZURE)

28. Plaintiff repeats the foregoing allegations.

29. At all relevant times, plaintiff was obeying the law and not acting in a suspicious manner.

30. Despite plaintiff's conduct, defendants approached plaintiff's automobile and seized and searched him without legal justification.

31. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for illegally seizing and searching him.

### THIRD CLAIM
### (FAILURE TO INTERVENE)

32. Plaintiff repeats the foregoing allegations.

33. Defendants had a reasonable opportunity to prevent the violation of plaintiff's constitutional rights but they refused to intervene.

34. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for failing to intervene.

### FOURTH CLAIM
### (ASSAULT)

35. Plaintiff repeats the foregoing allegations.

36. Defendants' use of force upon plaintiff placed him in fear of imminent harmful and offensive physical contacts which injured him.

37. Accordingly, defendants are liable to plaintiff under New York state law for assault.

### FIFTH CLAIM
### (BATTERY)

38. Plaintiff repeats the foregoing allegations.

39. Defendants' use of force upon plaintiff constituted offensive and nonconsensual physical contacts which injured him.

40. Accordingly, defendants are liable to plaintiff under New York state law for battery.

### SIXTH CLAIM

### (VICARIOUS LIABILITY CLAIM AGAINST THE CITY OF NEW YORK)

41. Plaintiff repeats the foregoing allegations.

42. Defendants were acting within the scope of their employment as members of the NYPD at all relevant times herein.

43. Accordingly, the City of New York is vicariously liable to plaintiff under New York state law for assault and battery.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Attorney's fees and costs;

    d. Such other and further relief as the Court may deem just and proper.

DATED:	October 9, 2013

/s/
_____
RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391
richcardinale@gmail.com (not for service)